Paul D. Powell, Esq.
Nevada Bar No. 7488
THE POWELL LAW FIRM
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
paul@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS WILKERSON, individually; and LA TOYA WILLIAMS-WILKERSON, individually, | CASE NO.: 2:19-cv-01326-APG-NJK |
| Plaintiffs, | **JOINT PRE-TRIAL ORDER** |
| vs. | |
| MAIKA ABRIGO, individually, DOES I-X, and ROE CORPORATIONS I-X, inclusive, | |
| Defendant. | |

After pretrial proceedings in this cause pursuant to Local Rule 16-3,

IT IS SO ORDERED:

## I.

## STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES

This case arises as a result of a motor vehicle collision.  On July 20, 2018, Plaintiffs Curtis Wilkerson and La Toya Williams-Wilkerson alleges that while driving on Sunset road in Henderson, Nevada, they were in a motor vehicle accident with a vehicle operated by Defendant Maika Abrigo ("Subject Accident").

As a result of the collision, Plaintiffs Curtis Wilkerson and La Toya Williams-Wilkerson allegedly sustained injuries and damages as indicated below.

/ / /

**Plaintiffs' Contentions:**

Plaintiffs contend that on July 20, 2018, Plaintiffs and Defendant were travelling westbound on Sunset Road near Gibson in Las Vegas, Nevada. Plaintiffs were in the number 1 travel lane and Defendant Abrigo in the number 2 travel lane.  Defendant merged into Plaintiffs' lane causing the crash. Plaintiff La Toya Williams-Wilkerson was seriously injured in the accident.  She ultimately underwent a C4-5 and C5-6 disc replacement surgery in July of 2020, and continues to treat for her injuries. Plaintiff Curtis Wilkerson sustained sprain/strain injuries. Plaintiffs contend that Defendant's negligence was the actual proximate cause of Plaintiffs' physical injuries. Finally, Plaintiffs contend that Plaintiffs have incurred pecuniary loss, medical expenses, and pain and suffering as a result of the accident, and that La Toya Williams-Wilkerson will continue to accrue pain and suffering, and future medical bills.

**Defendant's Contentions:**

Defendant contends this is a personal injury action arising from a motor vehicle accident that occurred on July 20, 2018. Defendant contends that Plaintiffs' vehicle merged into Defendant's lane and caused the crash. Defendant denies all claims made by Mr. and Mrs. Wilkerson and claims that the accident did not cause either of their respective injuries. As a result, Plaintiffs filed the instant lawsuit wherein they alleges causes of action for Negligence.  Defendant seeks the following relief:  that Mr. and Mrs. Wilkerson take nothing by way of their complaint.

## II.

## STATEMENT OF JURISDICTION

Plaintiffs Curtis Wilkerson and La Toya Williams-Wilkerson resided in Las Vegas, Nevada at the time of their collision; and, still resides in Las Vegas, Nevada today. Defendant Abrigo is a resident of Texas. This matter involves a claim for damages in excess of $75,000.  Jurisdiction is

therefore based upon diversity of citizenship under 28 U.S.C. § 1332.   The parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

### III.

### LIST OF CLAIMS FOR RELIEF

Plaintiffs provided the following causes of action in their Complaint:

1. Negligence

### IV.

### LIST OF AFFIRMATIVE DEFENSES LISTED IN DEFENDANT'S ANSWER

Defendants raise the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the occurrence referred to in Plaintiffs' Complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party over whom Defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the damages, if any suffered by Plaintiffs were cuased in whole or in part or were contributed to by reason of the negligence of the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reaosnable inquiry upon the filing of Defendant's

Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if additional investiovation so warrants.

## V.

### THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1. Venue is proper in the United States District Court for the District of Nevada in Las Vegas, Nevada.
2. This lawsuit arises out of a motor vehicle collision that occurred on or about July 20, 2018, in Henderson, Nevada.

## VI.

### THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

None at this time.

## VII.

### THE FOLLOWING ARE THE PARTIES' STATEMENT OF OTHER ISSUES OF FACT TO BE DETERMINED UPON TRIAL

**A.**   **Plaintiff:**

1. Whether Plaintiffs were injured as a result of negligence on behalf of Defendant Abrigo;

2. Whether Plaintiffs' injuries are the direct and proximate result of Defendant Abrigo's negligence;

3. Whether Plaintiff's La Toya Williams-Wilkerson's future medical treatment is a direct and proximate cause of the negligence on behalf of Defendant Abrigo;

4. Whether Plaintiffs' past and future pain and suffering is related to their injuries as a result of negligence on behalf of Defendant Abrigo;

5. Whether Plaintiff La Toya Williams-Wilkerson's loss of enjoyment of life is as a result of negligence on behalf of Defendant Abrigo;

**B.**    <u>**Defendant:**</u>

    1.    Whether Defendant Abrigo was negligent;

    2.    Whether Plaintiff will be found to have any comparative fault;

    3.    Whether the medical bills Plaintiffs allege to have suffered as a result of the July 20, 2018 accident are reasonable and customary.

    4.    Whether the medical treatment received by Plaintiffs are related to the subject accident.

    5.    Whether the future medical treatment for La Toya Williams-Wilkerson is related to the subject accident.

    6.    Whether the subhect accident caused any of the injuries suatained by Plaintiffs.

**VIII.**

<u>**THE FOLLOWING ARE THE CONTESTED ISSUES OF LAW TO BE DETERMINED UPON TRIAL**</u>

A.    <u>**Plaintiff:**</u>

    1.    Negligence
    2.    The issues of law raised by the parties' anticipated motions *in limine*

B.    <u>**Defendant:**</u>

    1.    The issues of law raised by the parties' anticipated motions *in limine*;
    2.    Whether Defendant was negligent; and
    3.    Whether Plaintiff can prove the necessary elements for her two causes of action.

**IX.**

<u>**EXHIBITS**</u>

The following exhibits are stipulated by the parties to be admitted into evidence at trial wihtout objection, and to be used at trial from the time of opening statement and forward: Plaintiff's Exhibits 1-43, and 48-57; Defendants Exhibits 1-8.  The admission of Plaintiffs'exhibits

into evidence in no way precludes Defendant from contesting the reasonableness and necessity of Plaintiffs' medical records and bills.

    **(1)**      **Plaintiffs' exhibits:**

                <u>MEDICAL AND/OR BILLING RECORDS – CURTIS WILKERSON</u>

1.    Summary of Charges for Curtis Wilkerson (EX1-001)

2.    Department of Veterans Affairs records (EX2-001 – 019)

3.    Align Med records (EX3-001 – 077)

4.    Advanced Orthopedics and Sports Medicine records (EX4-001 – 009)

5.    Select Physical Therapy records (EX5-001 – 073)

6.    Billing from Department of Veterans Affairs (EX6-001)

7.    Billing from Align Med (EX7-001 – 006)

8.    Billing from Advanced Orthopedics and Sports Medicine (EX8-001 – 002)

9.    Billing from Select Physical Therapy (EX9-001 – 002)

                <u>MEDICAL AND/OR BILLING RECORDS – LATOYA WILLIAMS</u>

10.    Summary of Charges for La Toya Wilkerson (EX10-001)

11.    University Medical Center (EX11-001 – 012)

12.    Align Med (EX12-001 – 090)

13.    Interventional Pain and Spine Institute (EX13-001 – 040)

14.    Surgical Arts Center (EX14-001 – 009)

15.    Advanced Orthopedics & Sports Medicine (EX15-001 – 020)

16.    Las Vegas Radiology (EX16-001 – 006)

17.    Ten (10) Fluoroscopic images taken at Surgical Arts Center (EX17-001 – 011)

18.    Las Vegas Neurosurgical Institute (EX18-001 -- 053)

19.   Pueblo Medical Imaging (EX19-001 – 008)

20.   First Physical Therapy (EX20-001 – 306)

21.   Monitoring Associates (EX21-001 – 003)

22.   Neuromonitoring Associates (EX22-001 – 028)

23.   Valley Hospital Medical Center (EX23-001 – 466)

24.   Billing from University Medical Center (EX24-001 – 002)

25.   Billing from Align Med (EX25-001 – 009)

26.   Billing from Interventional Pain and Spine Institute (EX26-001 – 002)

27.   Walgreens Pharmacy (EX27-001 – 003)

28.   Billing from Surgical Arts Center (EX28-001 – 004)

29.   Billing from Advanced Orthopedics & Sports Medicine (EX29-001 – 003)

30.   Billing from Las Vegas Radiology (EX30-001)

31.   Billing from Las Vegas Neurosurgical Institute (EX31-001 – 002)

32.   Billing from Pueblo Medical Imaging (EX32-001 – 007)

33.   Billing from First Physical Therapy (EX33-001 – 005)

34.   Billing from Monitoring Associates (EX34-001 – 002)

35.   Billing from Neuromonitoring Associates (EX35-001 – 002)

36.   Billing from Surgical Anesthesia Services (EX36-001 – 002)

37.   Billing from Valley Hospital Medical Center (EX37-001 – 009)

OTHER

38.   Two (2) color photographs taken at the scene of the crash (EX38-001 – 002)

39.   Color photos of Defendant's and Plaintiffs' car produced in their Early Case Conference documents (EX39-001 – 007)

40.   Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff Curtis Wilkerson (EX40-001 – 011)

41.   Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories to Plaintiff Curtis Wilkerson (EX41-001 – 016)

42.   Plaintiff's Answeres to Defendant's First Set of Interrogatories to Plaintiff La Toya Williams (EX42-001 – 013)

43.   Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories to Plaintiff La Toya Williams-Wilkerson (EX43-001 – 020)

44.   Defendant's car repair estimate (EX44-001 – 010)

45.   Plaintiff's car repair estimate supplement 1 and 2 (EX45-001 – 029)

46.   Documents produced by City of Henderson Police Department responsive to Subpoena Duces Tecum (EX46-001 – 012)

47.   911 audio produced by City of Henderson Police Department responsive to Subpoena Duces Tecum

48.   West Valley Imaging (EX48-001 – 004)

49.   UMC Quick Care (EX49-001 – 067)

50.   Las Vegas Neurosurgery Asscociates (EX50-001 – 004)

51.   Las Vegas Neurology Center (EX51-001 – 025)

52.   Sunset Clinic (EX52-001 – 054)

53.   Valley Hospital (EX53-001 – 112)

54.   CareNow Urgent Care (EX54-001 – 005)

55.   Tim Soder Physical Therapy (EX55-001 -080)

56.   Centennial Hills Hospital (EX56-001 – 1227)

57.     Womens Health Associates of Southern Nevada (EX57-001 – 049)

<u>DEMONSTRATIVE EXHIBITS</u>

Plaintiffs may offer, at trial, certain Exhibits for demonstrative purposes including, but not limited to the following:

1.     Demonstratives (including films such as X-rays, MRI, and C-scan), and charts relating to Plaintiffs' damage claims;

2.     Story board and computer digitized power point images and animations;

3.     Blow-ups/transparencies/digitized images of various records;

4.     Plaintiffs reserve the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of demonstration at trial. Additionally, Plaintiffs reserve the right to offer into evidence any exhibit offered by any other parties to this action.

Plaintiffs reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Plaintiffs will submit electronic evidence to the jury for utilization in the jury room during their deliberations.

Plaintiffs reserves the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal.

Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

**(2)     Defendants' exhibits:**

1.     Tim Soder Physical Therapy records (ABRIGO001190-1277)

2.     Valley Hospital Medical Center records (ABRIGO001280-1402)

3.     Sunset Clinic Records (ABRIGO001403-1462)

4.   UMC records (ABRIGO001463-1474, 1512-1526, 1545-1578)

5.   Las Vegas Neurology Center treatment of Mrs. Williams-Wilkerson records (ABRIGO001579-1604)

6.   West Valley Imaging records (WESTVALLEY000001-000005)

7.   Las Vegas Neurology Associates, P.C. records (LVNA00001-000005)

8.   Pueblo Medical Imaging records (ABRIGO001605)

Defendants may offer, at trial, certain Exhibits for demonstrative purposes including, but not limited to the following:

1.   Demonstrative and charts relating to Plaintiff's damage claims;

2.   Story board and computer digitized power point images;

3.   Blow-ups/transparencies/digitized images of various records

4.   Defendants reserve the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of demonstration at trial. Additionally, Defendants reserve the right to offer into evidence any exhibit offered by any other parties to this action.

Defendants reserve the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Defendants will submit electronic evidence to the jury for utilization in the jury room during their deliberations.

Defendants reserve the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

Defendants reserve the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal.

Defendants reserve the right to offer into evidence any exhibit offered by any other parties to this action.

**The following documents may be marked as exhibits, but shall not be admissible in evidence at this time:**

Plaintiffs' Exhibits 44-47.

**As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:**

The parties reserve the right to object to exhibits not otherwise admitted previously into evidence through this pretrial order, or otherwise stipulated to. The parties have agreed to reserve any such objections until the time of trial.

Further, with the exception of exhibits to be used solely for impeachment, the parties agree that each evening by 8:00 p.m. they will exchange the exhibits that they plan to use the following day so that any exhibit disputes/objections can be addressed by the Court each morning before trial resumes. In addition, the parties will identify each witness that they intend to call at trial not less than 48 hours prior to calling each witness to testify.

**(1)      Objections as to Plaintiffs' exhibits:**

Defendant objects to Plaintiffs' exhibits 44-47 that the documents violates the collateral source rule, hearsay rule, or best evidence rule; lacks foundation, not calculated to lead to admissible evidence at trial.

**(2)      Objections as to Defendant's exhibits:**

None

**Depositions:**

**Plaintiffs:**  Plaintiffs intends to offer live testimony of designated witnesses at trial. In the event that Plaintiffs are unable to call a witness and must offer deposition testimony in lieu of live

testimony, Plaintiffs reserves the right to supplement this Pre-Trial Order to designate deposition testimony to be used at trial.

**Defendant:**  Defendant intends to offer live testimony of designated witnesses at trial. In the event that Defendants are unable to call a witness and must offer deposition testimony in lieu of live testimony, Defendant reserves the right to supplement this Pre-Trial Order to designate deposition testimony to be used at trial.

**Deposition Designations:**  The parties agree to provide page and line designations of witnesses' depositions that will be played or read in at trial no later than 30 days prior to the trial date.  Objections and counter-designations will be due 7 days following the initial designations.

## X.

### WITNESSES

The following witnesses may be called upon by the parties at trial:

**(a)    Plaintiffs' witnesses:**

1.    CURTIS WILKERSON (Will testify at trial)
c/o Paul D. Powell, Esq.
The Powell Law Firm
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148

CURTIS WILKERSON is the Plaintiff in this action and is expected to testify as to his knowledge of the facts and circumstances surrounding the crash that occurred on July 20, 2018, his injuries and treatment and other matters pertinent hereto.

2.    LA TOYA WILLIAMS-WILKERSON (Will testify at trial)
c/o Paul D. Powell, Esq.
The Powell Law Firm
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148

LATOYA WILLIAMS-WILKERSON is the Plaintiff in this action and is expected to testify as to her knowledge of the facts and circumstances surrounding the crash that occurred on July 20,

2018, her injuries and treatment and other matters pertinent hereto.

       3.     MAIKA ABRIGO (Will testify at trial)
             c/o James P. C. Silvestri, Esq.
             Steven Goldstein, Esq.
             PYATT SILVESTRI
             701 Bridger Avenue, Suite 600
             Las Vegas, Nevada 89101

MAIKA ABRIGO is a Defendant in this action and is expected to testify as to his knowledge of the facts and circumstances surrounding the crash that occurred on July 20, 2018.

       4.     Officer Justin Chronister, ID #2169 (Will testify at trial)
             Person Most Knowledgeable and/or
             Custodian of Records
             c/o Henderson Police Department
             223 Lead Street
             Henderson, Nevada 89015

Officer Chronister, the Person Most Knowledgeable and/or the Custodian of Records of Henderson Police Department are expected to testify as to their knowledge of the facts and circumstances surrounding the crash that occurred on July 20, 2018, and any other matters pertinent hereto.

       5.     Kierra Harvey (Will testify at trial)
             1421 Groom Avenue
             North Las Vegas, Nevada 89081
             (234) 788-2044

Kierra Harvey is Plaintiff Curtis Wilkerson's niece and is expected to testify as to her knowledge of the facts and circumstnaces surrounding the crash that occurred on July 20, 2018, how the crash has affected Plaintiff's and any other matters pertinent hereto.

       6.     Charlton Mathaews (Will testify at trial)
             5855 Valley Drive, Unit 1021, Buidling 7
             North Las Vegas, Nevada 89031
             (702) 273-0486

Charlton Mathaews is Plaintiff Curtis Wilkerson's acquintance and is expected to testify as

to his knowledge of the facts and circumstnaces surrounding the crash that occurred on July 20, 2018, how the crash has affected Plaintiff's and any other matters pertinent hereto.

      7.     Ram Adams (Will testify at trial)
               (702) 349-2846

Ram Adams is Plaintiff Curtis Wilkerson's acquintance and is expected to testify as to his knowledge of the facts and circumstnaces surrounding the crash that occurred on July 20, 2018, how the crash has affected Plaintiff's and any other matters pertinent hereto.

      8.     Kathleen McManaman (Will testify at trial)
               608 Overland Drive
               Henderson, Nevada 89002
               (702) 810-1343

Kathleen McManaman is Plaintiff La Toya Williams-Wilkerson's coworker and is expected to testify as to her knowledge of the facts and circumstnaces surrounding the crash that occurred on July 20, 2018, how the crash has affected Plaintiff's and any other matters pertinent hereto.

      9.     Alison Cawley (Will testify at trial)
               2055 West Charleston Boulevard, Suite C
               Las Vegas, Nevada 89102
               (702) 592-6183

Alison Cawley is Plaintiff La Toya Williams-Wilkerson's coworker and is expected to testify as to her knowledge of the facts and circumstnaces surrounding the crash that occurred on July 20, 2018, how the crash has affected Plaintiff's and any other matters pertinent hereto.

      10.    Zachary Williams (Will testify at trial)
               9000 South Las Vegas Boulevard, Unit 2246
               Las Vegas, Nevada 89123
               (313) 613-0456

Zachary Williams is Plaintiff La Toya Williams-Wilkerson's brother  and is expected to testify as to his knowledge of the facts and circumstnaces surrounding the crash that occurred on July 20, 2018, how the crash has affected Plaintiff's and any other matters pertinent hereto.

11.     Jacob Fisk, D.C.
        Chris Kim, D.C.
        Michael DiGregorio, D.C.
        Keith Lewis, M.D.
        Person Most Knowledgeable and/or
        Custodian of Records
        Align Med
        6945 Aliante Parkway, Suite 103
        North Las Vegas, Nevada 89084

12.     Nick Liu, D.O.
        Thomas O'Brien, Pa-C.
        Person Most Knowledgeable and/or
        Custodian of Records
        Advanced Orthopedics & Sports Medicine
        7195 Advanced Way
        Las Vegas, Nevada 89113

13.     Nancy DeViese, PT
        Joshua Castro, PTA
        Tyler Calvert, PT
        Joel Gersh, PTA
        Janet Lamoree, PTA
        Person Most Knowledgeable and/or
        Custodian of Records
        Select Physical Therapy
        4080 North Martin Luther King Boulevard, Suite 101A
        North Las Vegas, Nevada 89032

14.     Miguel Sepulveda, M.D.
        Person Most Knowledgeable and/or
        Custodian of Records
        UMC Quick Care
        4231 North Rancho Drive
        Las Vegas, Nevada 89130

15.     Jorg Rosler, M.D. (Will testify at trial)
        Andrew Hall, M.D.
        Faisel Zaman, M.D.
        Ray Troche, Pa-C.
        Marcelo Gomez, Pa-C.
        Person Most Knowledgeable and/or
        Custodian of Records
        Interventional Pain and Spine Institute
        851 Rampart Boulevard, Suite 100
        Las Vegas, Nevada 89145

16.   Andrew Hall, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Surgical Arts Center
      9499 West Charleston Boulevard, Suite 250
      Las Vegas, Nevada 89117

17.   Bhuvana Kittusamy, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Las Vegas Radiology
      7500 Smoke Ranch Road, Suite 100
      Las Vegas, Nevada 89128

18.   Jason E. Garber, M.D. (Will testify at trial)
      Person Most Knowledgeable and/or
      Custodian of Records
      Las Vegas Neurosurgical Institute
      3012 South Durango Drive
      Las Vegas, Nevada 89117

19.   Person Most Knowledgeable and/or
      Custodian of Records
      Walgreens
      PO Box 4039, MS #735
      Danville, Illinois 61834

20.   Douglas Sides, M.D.
      Joel Lin, D.O.
      Michael Eisenberg, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Pueblo Medical Imaging
      8551 West Lake Mead Boulevard, Suite 150
      Las Vegas, Nevada 89128

21.   Nicole Hoffman, M.P.T.
      Maureen Bauto, P.T.A.
      Joseph  Scorza, P.T.A.
      Julian Penaranda, M.P.T.
      Person Most Knowledgeable and/or
      Custodian of Records
      First Physical Therapy
      1321 South Rainbow Boulevard, Suite 102
      Las Vegas, Nevada 89146

22.   Sheree McLafferty, B.S., CNIM
      Morton I. Hyson, M.D.
      Peter Volk, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Monitoring Associates
      P.O. Box 29650
      Phoenix, Arizona 85038

23.   Morton L. Hyson, M.D.
      Sheree McLafferty, B.S., CNIM
      Peter Volk, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Neuromonitoring Associates
      P.O. Box 29650
      Phoenix, Arizona 85038

24.   Peter F. Volk, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Surgical Anesthesia Services
      8440 West Lake Mead Boulevard, Suite 202
      Las Vegas, Nevada 89128

25.   Jason E. Garber, M.D. (Will testify at trial)
      Carlos Emanuel, M.D.
      Brian Lee, M.D.
      Sheikh Saghir, M.D.
      Person Most Knowledgeable and/or
      Custodian of Records
      Valley Hospital Medical Center
      620 Shadow Lane
      Las Vegas, Nevada 89106

26.   Kimberly C. Stephenson, N.P.
      Jennifer R. Felix, R.N, B.S.N.
      Person Most Knowledgeable and/or
      Custodian of Records
      Department of Veteran Affairs
      VA Southern Nevada Healthcare System
      6900 North Pecos Road
      North Las Vegas, Nevada 89086

27.   David Oliveri, M.D. (Will testify at trial)

851 S. Rampart Boulevard, Suite 115
Las Vegas, Nevada 89145

**(b)**     **Defendant's witnesses**

1.    Defendant Maika Abrigo
      c/o PYATT SILVESTRI
      701 Bridger, Suite 600
      Las Vegas, Nevada 89101

2.    Brett O'Toole, M.S.
      14841 N. 4th Place,
      Phoenix, Arizona 85032

3.    David E. Fish, M.D., M.P.H.
      1350 Davies Drive
      Beverly Hills, California 90210

4.    Jeffrey Wang, M.D.,
      1450 San Pablo Street, #5400
      Los Angeles, California 90033

5.    Paul Janda, D.O.
      2010 Wellness Way, Ste 306
      Las Vegas, NV 89106

6.    Keith Blum, D.O
      7271 W. Sahara Ave, #100
      Las Vegas NV 89117

Defendant has not as of yet issued or served subpoenas on any witnesses. When and if that determination is made, notice will be given immediately and supplied to the Court and to Plaintiffs. Defendant has listed the witnesses whom they expect to call at trial. When and if the determination is made that additional witnesses may need to be called to testify, notice will be given immediately and supplied to the Court and to Plaintiff.

The parties reserve the right to object or otherwise contest the admissibility of witnesses and/or exhibits.

/ / /

/ / /

/ / /

## XII.

### TRIAL DATE

Counsel have met and herewith submit three (3) agreed-upon trial dates:

1.      September 20, 2021

2.      September 27, 2021

3,      October 4, 2021

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar.

## XIII.

### TIME FOR TRIAL

It is estimated that the trial herein will take a total of 7-10 full judicial days.


DATED this 19th day of February 2021.               DATED this 19th day of February 2021.

The Powell Law Firm                                  Pyatt Silvestri

*/s/Paul D. Powell*                                  */s/James Silvestri*
Paul D. Powell, Esq.                                 James P.C. Silvestri, Esq.
Nevada Bar No. 7488                                  Nevada Bar No. 3603
Jared D. Powell, Esq.                                Steven M. Goldstein, Esq.
Nevada Bar No. 15086                                 Nevada Bar No. 6318
Ryan T. O'Malley                                     Attorneys for Defendant
Nevada Bar No. 12461
Thomas W. Stewart
Nevada Bar No. 14280
8918 Spanish Ridge
Las Vegas, Nevada 89148
Attorneys for Plaintiffs

## XI.

## ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on <u>September 27, 2021</u>, at <u>9:00 a.m.</u> Calendar call will be held on <u>September 21, 2021</u>, at 8:45 a.m. in LV Courtroom 6C.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

IT IS SO ORDERED:

Dated:  February 22, 2021

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**NOTICE: Due to the unusually large number of complex criminal cases set for lengthy trials before this Court, civil trials may possibly be held in a trailing status for months or be assigned to another District Court Judge for trial. Therefore, the Court <u>strongly urges</u> the parties to consider their option to proceed before a Magistrate Judge pursuant to Local Rule IB 2-2, in accordance with 28 USC Section 636 and FRCP 73.**

**The Clerk shall provide the parties with a link to AO 85 Notice of Availability, Consent and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge form on the Courts website.**